IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PROGESSIVE SPINE & ORTHOPAEDICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMF BOWLING CENTERS INC. D/B/A AMF BOWLING CENTERS AND AMF BOWLING WORLDWIDE, INC. D/B/A AMF BOLWING CENTERS <br><br> Defendants. | No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, on the date set forth below, Defendants AMF Bowling Centers, Inc. and AMF Bowling Worldwide, Inc. (together "AMF Bowling"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action, styled *Progressive Spine & Orthopaedics, LLC v. AMF Bowling Centers, Inc. d/b/a AMF Bowling Centers and AMF Bowling Worldwide, Inc. d/b/a AMF Bowling Centers*, Doc. No. BER-L-6593-17, from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey. The procedural history and grounds for removal are as follows:

## INTRODUCTION

1.	On or about September 28, 2017, Plaintiff Progressive Spine & Orthopaedics, LLC ("Progressive Spine"), initiated a civil action against AMF Bowling by filing a Complaint in New Jersey state court.  A copy of that Complaint, the accompanying summons, and the docket report is attached hereto as Exhibit 1.  Progressive Spine contends, *inter alia*, that it provided "emergency medical services" to a patient covered by a health benefits plan sponsored by AMF Bowling.  Progressive Spine further alleges that AMF Bowling failed to pay it for the medical services allegedly provided to this patient.  (Compl. ¶ 21-26.)

## GROUNDS FOR REMOVAL

2.	AMF Bowling removes this case because the parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3.	The parties named in this action are completely diverse and the amount in controversy exceeds the jurisdictional threshold.

4.	Plaintiff is a New Jersey limited liability company, based in Bergen County, New Jersey.  (*See* Compl. ¶ 1; *see also* Ex. 2, New Jersey Company Search Results for Progressive Spine.)

5.	Defendant AMF Bowling Centers, Inc. is a Virginia corporation, with its principal place of business located at 7313 Bell Creek Rd. Mechanicsville, VA

23111.  (*See* Ex. 3, Virginia Company Search Results for AMF Bowling Centers, Inc.)

6. Defendant AMF Bowling Worldwide, Inc. is a Delaware corporation, with its principal place of business located at 7313 Bell Creek Rd. Mechanicsville, VA 23111.  (*See* Ex. 4, Virginia Company Search Results for AMF Bowling Centers, Inc.)

7. Because Plaintiff is a citizen of New Jersey and Defendants are citizens of Virginia and Delaware, the parties are completely diverse.

8. Further, Progressive Spine contends that AMF did not pay it at all for medical claims it submitted for payment following the alleged treatment of one of Progressive Spine's patients.  (Compl. ¶¶ 16, 18).  Progressive Spine seeks to recover, *inter alia*, the amount it charged for the medical services allegedly provided to the patient at issue.  (*Id.* ¶¶ 21-26.)

9. The bills submitted by Progressive Spine totaled approximately $117,000, and Progressive Spine has placed this full value at issue in this litigation.  (*See* Ex. 5 (redacted to protect patient privacy rights).  This exceeds the jurisdictional threshold set forth in 28 U.S.C § 1332.

10. Both requirements for jurisdiction under 28 U.S.C. § 1332—complete diversity and the requisite amount in controversy—are thus satisfied in this case.

11. Defendants are represented by the undersigned counsel. Defendants are jointly removing this case and both consent to removal.

## TIMELINESS OF REMOVAL

12. Progressive Spine filed the Complaint on September 28, 2017 and served it no earlier than September 30, 2017.

13. AMF Bowling files this Notice of Removal within the timeframe prescribed by 28 U.S.C. § 1446(b)(1).

## VENUE

14. Plaintiff's action was pending in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, which is within this judicial district. *See* 28 U.S.C. ¶ 110. This Court is thus the proper venue for removal under 28 U.S.C. § 1441(a) & 1445(a).

## NOTICE

15. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this Notice of Removal will be provided to University Spine and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division, in the form attached as Exhibit 6.

          Respectfully submitted,

          */s/ Gregory S. Voshell*
          Gregory S. Voshell
          ELLIOTT GREENLEAF, P.C.
          925 Harvest Drive, Suite 300
          Blue Bell, PA 19422

DATE:   October 30, 2017    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Gregory S. Voshell, hereby certify that a true and correct copy of the attached NOTICE OF REMOVAL was served via regular mail and electronic mail on this 30th day of October 2017 upon the following:

Jordan B. Dascal, Esq.
Schiller McMahon LLC
123 South Avenue East
Westfield, NJ 07090
*Attorney for Plaintiff*

*/s/ Gregory S. Voshell*
Gregory S. Voshell